UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 4:21-cv-40116-TSH

JASON MULLEN,

    Plaintiff,

    v.

DEPEARTMENT OF CORRECTIONS OF MASSACHUSETTS, ET AL.,

    Defendants.

### DEFENDANTS' DEPARTMENT OF CORRECTION OF MASSACHUSETTS, CHRISTOPHER PHELPS, JAMES GEARIN, WILLIAM STANHOPE, JAMES TETREAULT, NICHOLAS CARPENO, ERICK COLSTON, MATTHEW BADJO, AND DAVID BOURGEOIS ANSWER TO PLAINTIFF'S COMPLAINT

The defendants Department of Correction of Massachusetts, Christopher Phelps, James Gearin, William Stanhope, James Tetreault, Nicholas Carpeno, Erick Colston, Matthew Badjo, and David Bourgeois (collectively "DOC defendants") answer the numbered paragraphs of Plaintiff's Complaint as follows:

### INTRODUCTION

1. No response is required or given to the statements and/or conclusions of law contained in this paragraph. To the extent the paragraph contains any allegation, they are denied.

2. No response is required or given to the statements and/or conclusions of law contained in this paragraph. To the extent the paragraph contains any allegation, they are denied.

3. No response is required or given to the statements and/or conclusions of law contained in this paragraph. To the extent the paragraph contains any allegation, they are denied.

4. No response is required or given to the statements and/or conclusions of law contained in this paragraph. To the extent the paragraph contains any allegation, they are denied.

5. No response is required or given to the statements and/or conclusions of law contained in this paragraph. To the extent the paragraph contains any allegation, they are denied.

## JURISDICTION AND VENUE

6. No response is required or given to the statements and/or conclusions of law contained in this paragraph.

7. No response is required or given to the statements and/or conclusions of law contained in this paragraph.

## PARTIES

8. Admitted.

9. Defendant Department of Corrections of Massachusetts was dismissed pursuant to this Court's Memorandum and Order (document number 28).

10. Defendant Christopher Phelps was dismissed pursuant to this Court's Memorandum and Order (document number 28).

11. Admitted.

12. Admitted, however Defendant William Stanhope is no longer employed as an Inner Perimeter Security ("IPS") officer with the Department of Correction.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

## FACTS

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

25. Admitted that the January 2017 incident led to an internal investigation within the Massachusetts Correctional Institution. Defendants are without sufficient knowledge to either deny or admit the remaining allegations contained in this paragraph.

26. Admitted.

27. Denied.

28. Denied.

29. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

30. Denied.

31. Denied.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted that the Plaintiff was informed that he was going to be restrained and escorted to another unit in the facility. Denied as to the remaining allegations contained in this paragraph.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted that Defendant Stanhope contacted Defendant Phelps requesting use of OC spray and use of physical cell extraction. Denied as to the remaining allegations contained in this paragraph.

43. Admitted that Defendant Phelps authorized the use of force. Denied as to remaining allegations contained in this paragraph.

44. Admitted.

45. Admitted.

46. Denied.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted that the Plaintiff was assisted in getting off the floor. Denied as to the remaining allegations contained in this paragraph.

61. Admitted.

62. Admitted that a gurney was requested to transport the Plaintiff to the medical ward. Defendants are without sufficient knowledge to either deny or admit the remaining allegations contained in this paragraph.

63. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

64. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

65. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

66. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

67. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

68. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

69. Defendants are without sufficient knowledge to either deny or admit the allegations

contained in this paragraph.

70. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

71. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

72. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

73. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

74. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

75. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

76. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

77. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

78. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

79. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

80. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

81. Defendants are without sufficient knowledge to either deny or admit the remaining allegations contained in this paragraph.

82. Defendants are without sufficient knowledge to either deny or admit the remaining allegations contained in this paragraph.

83. Denied.

84. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

85. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

86. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

87. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

88. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

89. Admitted.

90. Denied.

91. Admitted that the Plaintiff's grievance was denied. Denied as to the remaining allegations contained in this paragraph.

92. Denied.

93. Denied.

94. Denied.

95. Defendants are without sufficient knowledge to either deny or admit the allegations

contained in this paragraph.

96. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

97. Admitted.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

107. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

108. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

## **COUNT I**

109. Plaintiff makes no factual allegations in this paragraph; therefore no response is required. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

110. No response is required or given to the statements and/or conclusions of law contained in

this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

111. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

112. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

113. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

114. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

115. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

## **COUNT II**

116. Plaintiff makes no factual allegations in this paragraph; therefore no response is required. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

117. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

118. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

119. No response is required or given to the statements and/or conclusions of law contained in

this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

120. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

121. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

122. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

123. Denied.

124. Denied.

125. Denied.

126. Pursuant to the Court's Memorandum and Order (document number 28) this claim was dismissed as to Defendant Phelps.

127. Denied.

128. Denied.

## COUNT III

129. Plaintiff makes no factual allegations in this paragraph; therefore no response is required.

130. No response is required or given to the statements and/or conclusions of law contained in this paragraph.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## **COUNT IV**

135. Plaintiff makes no factual allegations in this paragraph; therefore no response is required.

136. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

137. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

138. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

139. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

140. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

141. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

142. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

143. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

144. Pursuant to the Court's Memorandum and Order (document number 28) this Count was

dismissed.

### COUNT V

145. Plaintiff makes no factual allegations in this paragraph; therefore no response is required.

146. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

147. No response is required or given to the statements and/or conclusions of law contained in this paragraph. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

148. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

149. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

150. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

151. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

152. Pursuant to the Court's Memorandum and Order (document number 28) this Count was dismissed.

### COUNT VI

153. Plaintiff makes no factual allegations in this paragraph; therefore no response is required.
154. Denied.
155. Denied.

156. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

157. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

158. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

159. Denied.

160. Denied.

161. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

162. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

163. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

## **COUNT VII**

164. Plaintiff makes no factual allegations in this paragraph; therefore no response is required.

165. Denied.

166. Denied.

167. Denied.

168. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

169. Denied.

170. Denied.

171. Denied.

172. Defendants are without sufficient knowledge to either deny or admit the allegations contained in this paragraph.

## PRAYERS FOR RELIEF

The Defendants deny that the Plaintiff is entitled to any relief, whether requested or not. The Defendants further respectfully request that this Honorable Court dismiss the Plaintiff's Complaint, enter judgment in the Defendants' favor, and award the Defendants damages, costs, attorneys' fees, and any other relief that this Court deems just and proper.

## DEFENSES

### First Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Defendants are entitled to qualified immunity.

### Third Defense

By his own acts and omissions, the Plaintiff has waived any claims that he may have had against the Defendants for any of the matters asserted in his Complaint, and, therefore, Plaintiff cannot recover.

### Fourth Defense

By his own acts and omissions, the Plaintiff is estopped from raising any of the claims he might have had against the Defendants for any of the matters asserted in his Complaint.

### Fifth Defense

The Plaintiff, through his own acts or omissions, is responsible for any injury suffered by him if any injury has actually occurred.

### Sixth Defense

Insofar as the Defendants are named in their official capacity, the suit is barred by sovereign immunity.

### Seventh Defense

The injuries allegedly sustained by the Plaintiff resulted from dangers, the risk of which the Plaintiff assumed, and therefore, he cannot recover.

### Eighth Defense

Any actions taken by the Defendants were performed within the scope of their employment, authority and jurisdiction and made in good faith, without malice and without corruption and the Defendants are entitled to common law immunity.

### Ninth Defense

The Plaintiff's claims are barred by the applicable statute of limitations and/or by the doctrine of laches.

### Tenth Defense

The Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997(e).

### Eleventh Defense

The Plaintiff's claims are barred, in whole or in part, by M.G.L. c. 127, §§ 38(e)-(h).

### Twelfth Defense

Plaintiff's claims are barred by the doctrine of res judicata.

### Thirteenth Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## Fourteenth Defense

To the extent that Plaintiff suffered injuries, such injuries or damage were caused by someone for whose conduct the Defendants were not and are not legally responsible.

## Fifteenth Defense

Defendants at all times acted reasonably, in good faith, within their official discretion and did not act in disregard of settled principles of constitutional law with respect to all matters alleged in Plaintiff's complaint.

## Sixteenth Defense

The Defendants reserve the right to add additional defenses.

## **JURY DEMAND**

The Defendants claim a trial by jury on all issues so triable.

        Respectfully submitted,
        The Defendants
        By their attorneys,

        NANCY ANKERS WHITE
        Special Assistant Attorney General

Dated: 12/6/2022         /s/ *Brittni Wipper*
        Brittni Wipper, BBO #696786
.        Department of Correction- Legal Division
        70 Franklin Street, Suite 600
        Boston, MA 02110-1300
        (617) 727-3300, Ext. 1158
        Brittni.Wipper@doc.state.ma.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

| | |
|---|---|
| 12/6/2022 | /s/ *Brittni Wipper* |
| Date | Brittni Wipper, BBO #696783 |